IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:<br>Jennifer A Segoviano, | )<br>)<br>) | CHAPTER 13<br>CASE NO. 14 B 18849 |
| Debtor(s), | ) | Judge Jack B. Schmetterer |
| Jennifer A Segoviano, | )<br>) | |
| Plaintiff(s), | )<br>) | |
| v. | )<br>) | ADV. NO. 14 AP 00383 |
| Charter One Bank N.A., | )<br>) | |
| Defendant(s). | ) | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Findings of Fact.**

Findings of fact are based on the filed Adversary Complaint and the Affidavit of Jennifer A Segoviano.

**A. The Parties**

1. The Plaintiff is Jennifer A Segoviano ("Plaintiff").

2. The Defendant is Charter One Bank N.A. ("Defendant").

**B. Factual Background**

1. On May 19, 2014, Plaintiff filed a petition for relief under Chapter 13 of Bankruptcy code.

2. Plaintiff owns the real estate commonly known as 3 Ridge Circle, Streamwood, IL 60107.

3. Selene Finance holds a first mortgage lien on the real property commonly known as 3 Ridge Circle, Streamwood, IL 60107, with a secured claim of $157,023.00.

4. The Defendant holds a second mortgage lien on the real property known 3 Ridge Circle, Streamwood, IL 60107 in the amount of $45,918.06.

5. That the fair market value at the time of filing of case number 14 B 18849 of the real estate was not more than $119,000.00.

6. The first mortgage lien of Selene Finance is a secured claim based on the mortgage with Flagstar Bank that was recorded on 04/26/2012 as document number 1211757347 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Charter One Bank N.A. is a claim based on the mortgage recorded on 04/20/2007 in the Office of the Cook County Recorder of Deeds as document number 0711001015.

8. The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $208 (two hundred and eight) monthly for 60 (sixty) months.

9. Under the Plan, general unsecured creditors will be paid a dividend of 11% (eleven percent) of their allowed claim.

10. On June 17, 2014, Plaintiff issued a summons and complaint to 11 U.S.C. § 1322(b) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 3 Ridge Circle, Streamwood, IL 60107.

11. That on June 17, 2014 a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to an officer of the Defendant at:

Charter One Bank N.A., Charles J. Koch, CEO, 1215 Superior Ave, Cleveland, OH 44114 and by regular US mail to: Charter One Bank N.A., 443 Jefferson Blvd RJW 135, Warwick, RI 02886.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the fair market value of $119,000.00.

15. The secured claim of Selene Finance in the amount of $157,023.00 exhausts the value and equity in Plaintiffs residence.

16. There is no value and equity to support the claim of the Defendant.

## PROPOSED CONCLUSIONS OF LAW

### A. Jurisdiction

1. The contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

2. Venue is proper in this pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under F. R. Bankr. P. 3012.

4. The Debtor scheduled the first Selene Finance secured claim in the amount of $157,023.00 and the second Charter One Bank N.A. claim in the amount of $45,918.06.

5. That value of Plaintiff's residence is $119,000.00.

6. As there is no value or equity to support the second priority lien of Charter One Bank N.A., the Charter One Bank N.A. claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code.

7. Because the junior mortgage lien held by Defendant is wholly unsecured, it should not be allowed as secured claim and the mortgage lien may be stripped off. *In Re Mann*, 249 B.R. 831,840 (1st Cir BAP 2000); *In Re Pond*, 2001 U.S.App.Lexis 11287 (Cir. 20010; *Bartee vs. Tara Colony Homeowners Assoc*, 212 F.3d 277 (5th Cir. 2000); *In re Lam*, 211 B.R. 36 (9th Cir BAP 1357); *In Re Tanner*, 217 F.3d 1357 (11 th Cir).

ENTER:

8/21/14

_____
United States Bankruptcy Judge

AUG 2 1 2014

4